**GROSS v. FEDERAL RESERVE BANK OF CLEVELAND.**

No. 50.

District Court, S. D. Ohio, W. D.
Dec. 23, 1939.

Sol Goodman and Hyman Rosen, both of Cincinnati, Ohio, for plaintiff.

Calvin Crawford, U. S. Atty., of Dayton, Ohio, and Frederic W. Johnson, Asst. U. S. Atty., of Cincinnati, Ohio, for defendant.

DRUFFEL, District Judge.

This matter is before the court upon defendant's motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

From an examination of the pleadings, the affidavit and photostatic copies of United States Treasury records, filed in support of the motion for judgment and the counter affidavit of plaintiff it appears:

On October 24, 1906, Gold Certificate No. 4395, among others, in denominations of $10,000, Series of 1900, was redeemed from Girard National Bank, Philadelphia, Pennsylvania, by the United States Treasury, cancelled and filed among the records of the General Accounting Office of the United States. Here it remained until sometime in December, 1935, when as a result of a fire in the accounting office in Washington, D.C., certain of these records became accessible to the general public and the cancelled Gold Certificate in suit and many others were removed from the records by persons unknown.

In his affidavit plaintiff Harry Gross says that he found the certificate on the floor of his dry cleaning store sometime prior to July 22, 1937, which was the day he presented the certificate to the Cincinnati Branch of The Federal Reserve Bank of Cleveland, with instructions to deliver the same to the Treasurer of the United States upon receipt of $10,000. Plaintiff also claims in said affidavit that although the certificate was substantially as appears in the exhibit attached to defendant's affidavit, it did not contain the punch holes evidencing cancellation, but appeared to be regular on its face.

An examination of the photostatic copy of the certificate in suit plainly shows that the right hand portion of the certificate is missing; the one side of the same shows evidence of being burned or torn off.

From which indisputable fact it will appear that plaintiff's claim that the certificate when he found it appeared to be regular on its face, is unworthy of belief, as is the statement that the certificate did not contain any punch holes evidencing cancellation, as is his denial that he was advised by the Federal Reserve Bank that the cancelled certificate had been stolen.

"Rule 56. Summary Judgment * * *

"(c) * * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, * * * show that * * * there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Plaintiff predicates his action on the theory that finding this certificate on the floor of his store he became the lawful owner thereof; that when he presented the same to The Federal Reserve Bank for collection, as he claims, and the bank returned it to the General Accounting Office, the defendant Federal Reserve Bank, wrongfully

and unlawfully converted it to its own use, to his damage in the sum of $10,000.

Plaintiff's contention is clearly untenable, if not reprehensible. First for the reason, as he now knows, according to the authenticated United States Treasury documents which are a part of the record herein, that the certificate, a mutilated portion of which is in suit, was redeemed and paid in accordance with its tenor by the Treasurer of the United States and at the same time cancelled, so that thereafter it had no value whatsoever; and secondly, giving full credit to plaintiff's claim that he found it on the floor of his store, it is an elemental principle of law that he had no property right in it as against the actual owner, the United States of America, to whom the defendant Federal Reserve Bank delivered the mutilated portion of the redeemed certificate, as it was obliged by law to do.

In the opinion of the court, there being no genuine issue of fact to pass upon, as shown by the record, defendant's motion for summary judgment is well taken, and it is so ordered.