CONNECTICUT INDEMNITY COMPANY *v.* NESTOR.

APPEAL OF UNION MUTUAL INSURANCE
COMPANY OF PROVIDENCE.

1. JUDGMENT—SUMMARY JUDGMENT—GARNISHMENT—QUESTION FOR TRIER OF FACTS—EVIDENCE.

Judgment in nonjury garnishment action by subrogee is treated as not being a summary judgment, where record shows trial court had before it transcript of testimony of an important witness at the jury trial of the subrogee's action against the principal defendant as well as the deposition such witness had given, providing the basis for the factual issue which counsel for both parties were content to submit to the trial court for determination.

2. INSURANCE—INTENTION—CHILD.

Trial court's finding that 8-1/2-year-old child intentionally set fire to dwelling but that because of his tender years he did not intend damage which followed, *held*, supported by record.

3. SAME—POLICY EXCLUSION—INTENTIONAL DAMAGE.

Casualty insurance policy provision excluding liability for property damage caused intentionally by insured *held*, not to exclude liability for damage to a dwelling, owned by fire insurance company's subrogor, caused by casualty insured's 8-1/2-year-old son who intended to set fire to dwelling but, because of his tender years, did not intend damage to property which followed.

4. SAME—EXCLUSIONS—CONSTRUCTION OF POLICY.

Insurance policy provision excluding liability of insurance company for damage caused intentionally by insured, *held*, to mean that insured intended that damage would follow, not merely that he intended to do act which caused damage.

REFERENCES FOR POINTS IN HEADNOTES

[1] 29A Am Jur, Insurance § 1719 *et seq.*
[2-4] 29A Am Jur, Insurance § 1304.
[5] 29 Am Jur, Insurance § 258.

5. SAME—POLICY EXCLUSION—AMBIGUITIES—INTERPRETATION.
  Ambiguities in insurance policies are resolved in favor of coverage.

Appeal from Oakland; Dondero (Stanton G.), J. Submitted Division 2 February 2, 1966, at Lansing. (Docket No. 160.) Decided October 25, 1966.

Complaint by The Connecticut Indemnity Company, a foreign corporation, as subrogee of John Orem and Jeanne Orem, against Brad Nestor, an infant, and Bernard S. Nestor and Hope Nestor, parents of Brad Nestor, for damages sustained by Orems when Brad Nestor set fire to their house; judgment for plaintiff against minor, and dismissing action against parents. Writ of garnishment against Union Mutual Insurance Company of Providence, a foreign corporation, on policy of insurance. Judgment for plaintiff against garnishee defendant. Garnishee defendant appeals. Affirmed.

*Bogues, O'Donnell & Petteys,* for plaintiff.

*Bell & Hertler,* for defendant Union Mutual Insurance Company of Providence.

T. G. KAVANAGH, J. On August 14, 1962, John Orem and his wife Jeanne, owned a residence in Hazel Park, Michigan, which was insured against fire by the plaintiff, The Connecticut Indemnity Company. On that date Brad Nestor, a minor of 8-1/2 years, set fire to the Orem residence causing damage in the amount of $6,851.91. The Orems made a claim against the plaintiff for their damage and were paid that amount.

Plaintiff brought this action as subrogee against the defendants Brad Nestor, his father, Bernard, and his mother, Hope Nestor, for the damages.

At the trial before a jury the defendant minor, Brad Nestor, testified that he started the fire to frighten the Orem children and Mrs. Orem because he was angry with them, but that he did not intend to burn the residence.

The defendants called no witnesses to rebut this testimony and both sides rested. The trial court granted the motion of defendants Bernard S. and Hope Nestor, and directed a verdict of no liability as to them, but granted plaintiff's motion for a directed verdict against defendant Brad Nestor.

After the entry of judgment on this verdict, plaintiff charged Union Mutual Insurance Company of Providence as garnishee defendant under its policy of insurance indemnifying the insured against liability under the following provision:

"1. Coverage E.—Comprehensive personal liability: (a) liability: to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage."

The garnishee defendant maintained that under the exclusionary language of the policy which read in part as follows: "under coverages E and F, to bodily injury or property damage caused intentionally by or at the direction of the insured," it had no liability for the acts complained of against Brad Nestor.

From the trial judge's ruling granting judgment for plaintiff against the garnishee defendant following a hearing this appeal is taken asserting as error the court's conclusion that the exclusionary language did not avoid coverage.

Although this case reaches us in the posture of an appeal from what purports to be a summary judgment, examination of the record convinces us that the judgment was not summary. The trial court had

before it the transcript of the testimony of Brad Nestor at the jury trial as well as the deposition he had given before it.  Counsel for both parties were content to submit the only factual issue to the court for his determination on the basis of that evidence.

The issue, of course, was Brad Nestor's intention and the court made the factual finding of the boy's intention and based his decision on it.

The trial court concluded that although Brad Nestor intentionally kindled the fire, because of his tender age he did not intend the damage to the house. There is record support for this finding.

Courts have often drawn a distinction between intending an act and intending a result.  See *Morrill v. Gallagher* (1963), 370 Mich 578; *Putnam* v. *Zeluff* (1964), 372 Mich 553; *Baldinger* v. *Consolidated Mutual Insurance Co.* 15 App Div 2d 52 (222 NYS2d 736).

We think this is not only proper but required in interpreting insurance policies.  It is well established that ambiguities in insurance policies are resolved in favor of coverage.  *Utter* v. *Travelers Insurance Co.* (1887) 65 Mich 545.  See, also, 45 CJS, Insurance, § 772, p 801, 48 LRA NS 524; and *Mid-Continent Life Ins. Co.* v. *Dunnington,* 177 Okla 484 (60 P2d 1047).

Affirmed, with costs to appellee.

LESINSKI, C. J., and QUINN, J., concurred.