MICHIGAN MILLERS MUTUAL INSURANCE COMPANY v
BERRY

Docket No. 62604. Submitted October 21, 1982, at Detroit.—Decided
   January 13, 1983.

   David Robertson set fire to a house owned by William and Shirley
   Kelley and insured by Citizens Insurance Company. Citizens
   paid for the loss and filed suit in Oakland Circuit Court, as
   subrogee of the Kelleys, against Robertson and his mother, Ann
   L. Berry, alleging that Robertson wilfully and maliciously or
   negligently caused the damage to the Kelleys' property and
   that Berry breached her duty to control her minor son, thereby
   causing the damage. The claim against Berry was settled.
   Michigan Millers Mutual Insurance Company, Berry's home-
   owner insurer, then brought a declaratory judgment action
   seeking a determination that it had no duty to defend or
   provide coverage for Robertson in connection with the subroga-
   tion action brought by Citizens. The court, James S. Thorburn,
   J., granted Michigan Millers' motion for summary judgment on
   the ground that except as to the amount of damages there was
   no genuine issue as to any material fact and that Michigan
   Millers was entitled to judgment as a matter of law. Defen-
   dants Berry, Robertson, and Citizens appeal. *Held:*

      1. Summary judgment in Michigan Millers' favor was prop-
   erly granted. As a matter of law, the property damage was
   excluded from coverage under the clear language of Michigan
   Millers' policy provision that excluded coverage for damage
   that was expected by the insured.

      2. As a matter of law, there was no question of fact as to
   whether Robertson was too intoxicated to have formed the
   requisite intent to cause the damage.
      Affirmed.

1. Aᴘᴘᴇᴀʟ — Sᴜᴍᴍᴀʀʏ Jᴜᴅɢᴍᴇɴᴛ — Gᴇɴᴜɪɴᴇ Iꜱꜱᴜᴇ ᴏꜰ Mᴀᴛᴇʀɪᴀʟ
   Fᴀᴄᴛ — Cᴏᴜʀᴛ Rᴜʟᴇꜱ.
   The Court of Appeals, in reviewing the grant of a motion for

Rᴇꜰᴇʀᴇɴᴄᴇꜱ ꜰᴏʀ Pᴏɪɴᴛꜱ ɪɴ Hᴇᴀᴅɴᴏᴛᴇꜱ
[1] 5 Am Jur 2d, Appeal and Error § 853.
[2] 43 Am Jur 2d, Insurance § 493.

summary judgment on the ground that except as to the amount of damages there is no genuine issue as to any material fact, must consider the pleadings, affidavits, and other materials supporting and opposing the summary judgment motion, giving any reasonable doubt to the opposing parties to determine whether there is any material issue upon which reasonable minds might differ (GCR 1963, 117.2[3]).

2. INSURANCE — EXCLUSIONS — INTENTIONALLY CAUSED DAMAGE.

The principle of law that an insurance policy provision which excludes coverage for damage caused intentionally by the insured does not relieve the insurance company of liability where the insured intends the act which causes the damage but does not intend the resulting damage is not applicable in a case where the insured intentionally set fire to a house with the intention that the damage be severe and an exclusionary provision in the insurance policy excluded coverage for damage that was expected.

*Denenberg, Tuffley, Thorpe, Bocan & Patrick* (by *Susan Tukel),* for plaintiff.

*Stephen M. Wittenberg, P.C.,* for defendants.

Before: R. M. MAHER, P.J., and BRONSON and CYNAR, JJ.

PER CURIAM. Defendants appeal as of right from a January 27, 1982, order of summary judgment granted in plaintiff's favor under GCR 1963, 117.2(3). The court ruled, as a matter of law, that a homeowner's insurance policy which plaintiff had issued to defendant Ann Berry did not provide coverage for certain property damage caused by her son, defendant David Robertson, when he set fire to a house owned by defendants William and Shirley Kelley and insured by defendant Citizens Insurance. Citizens Insurance paid the Kelleys $57,300 for the loss. Citizens thereafter, as subrogee of the Kelleys, instituted an action against Robertson and Berry, alleging that Robertson wil-

fully and maliciously or negligently caused the damage to the Kelleys' property and that Berry breached her duty to control her minor son, thereby causing the damage. Citizens' claim against Berry was settled for $2,500.

Plaintiff Michigan Millers Mutual Insurance Company, Berry's homeowner insurer, brought this declaratory judgment action seeking a determination that plaintiff had no duty to defend or provide coverage for Robertson in connection with the subrogation action brought by Citizens. Plaintiff relied on the terms of Berry's insurance policy, contending that Robertson was not an insured under the policy because he was not residing in his mother's household when he set the fires and that the damage which occurred was both "expected and intended" by Robertson and was therefore excluded from coverage.

Plaintiff filed a motion for summary judgment, contending that it was entitled to a declaratory judgment in its favor as a matter of law because, among other reasons, the policy clearly excluded coverage for either intentional or expected property damage and Robertson admitted in his deposition in the subrogation action that the property damage to the Kelleys' home was both expected and intended. At the hearing on the motion, defense counsel argued that there was a question of fact with respect to whether Robertson intended to cause such severe damage to the home. In addition, defense counsel argued that, although Robertson admitted setting the fires, there was a question of fact as to whether Robertson was too intoxicated by alcohol or drugs to have formed the requisite intent.

The policy exclusion stated:

"SECTION II EXCLUSIONS

"This policy does not apply:

"1. Under Coverage E—Personal Liability and Coverage F—Medical Payments to Others:

"f. to bodily injury or property damage which is either expected or intended from the standpoint of the Insured."

Robertson's deposition stated in pertinent part:

"I figured it's got to burn something, it's going to burn everything.

"I just wanted to get it burned enough. I didn't care if it burned to the ground so my fingerprints weren't found."

The trial judge granted a summary judgment in plaintiff's favor, stating:

"*The Court:* My reaction is this: This is what he said: 'I just wanted to get it burned enough, I didn't care if it burned to the ground, so my fingerprints were not found.' It was his intention to destroy incriminating evidence. He didn't call the police or fire department. And he didn't try to extinguish the fire.

"Now, those are unrebutted facts. My reaction is that there therefore is no question of fact because when you start a fire of this magnitude there is no other reasonable inference than that you intended to burn the building to the ground, that you cared less.

"For those reasons summary judgment is granted as prayed for. The court will sign an order to that effect."

Defendants contend on appeal that the trial judge erred in ruling as a matter of law that the property damage at issue in this case was "intended" by Robertson and therefore excluded from insurance coverage. Defendants argue that, for an insurance policy provision which excludes coverage for damage caused intentionally by the insured to

be operative, there must be a finding that the insured intended the damage which occurred and not merely that he intended the act which caused the damage. Defendants urge this Court to find that there was a question of fact with respect to whether Robertson intended the severe damage which resulted from the fires that he started.

Plaintiff, on the other hand, argues that, in the present case, the damage was excluded if it was either expected or intended from the standpoint of the insured. Plaintiff contends that the trial court properly found, based on Robertson's deposition testimony, that the damage to the Kelleys' home was both expected and intended.

In reviewing the summary judgment granted under GCR 1963, 117.2(3), this Court must consider the pleadings, affidavits, and other materials supporting and opposing the summary judgment motion, giving any reasonable doubt to the opposing parties to determine whether there is any material issue upon which reasonable minds might differ. *Braman v Bosworth,* 112 Mich App 518; 316 NW2d 255 (1982). Applying that standard in the present case, we find that summary judgment in plaintiff's favor was properly granted.

It is true that this Court has held that an insurance policy provision which excludes coverage for damage caused intentionally by the insured does not relieve the insurance company of liability where the insured intends the act which causes the damage but does not intend the resulting damage. See *Connecticut Indemnity Co v Nestor,* 4 Mich App 578; 145 NW2d 399 (1966). That principle of law, however, is not applicable in the present case where the exclusionary provision also excluded coverage for damage that was "expected".

It is clear from Robertson's deposition testimony that, at a minimum, he expected the severe damage which resulted to the Kelleys' home. As a matter of law, the property damage was excluded from coverage under the clear language of the insurance policy provision.

In addition, we find that there were sufficient statements made by Robertson in his deposition to support the trial judge's finding that the severe damage to the home was also intended by Robertson. The following exchange took place at Robertson's deposition:

"*Q*. Was everything burning when you left?
"*A*. Yeah.
"*Q*. The fires that you had started?
"*A*. Yeah.
"*Q*. Did you set the fires in the area you had been?
"*A*. No. I just set it in the basement, figured it got to burn something, it's going to burn everything.

\* \* \*

"*Q*. At the time of the fire, was it your intention to burn the entire home to the ground?
"*A*. I just wanted to get it burned enough, I didn't care if it burned to the ground, so my fingerprints weren't found.
"*Q*. It was your intention to destroy whatever incriminating evidence was in the home?
"*A*. Yeah."

We agree with the trial judge that the only reasonable inference which could be drawn from Robertson's statements regarding his actions in setting fire to the basement was that he intended to severely damage the Kelleys' home. The trial court's finding that the damage was excluded from coverage because it was intentional from the insured's standpoint was proper.

Defendants also argue that summary judgment was improper in this case because there was a question of fact as to whether Robertson was too intoxicated to have formed the requisite intent to cause the damage. At his deposition, Robertson stated that the beer had not affected him at the time of the fire. As a matter of law, there was no question of fact with regard to his intoxication. In addition, as discussed above, the exclusionary provision at issue in this case did not require a finding of intent. Coverage was excluded based on the undisputed evidence that Robertson expected the property damage which occurred.

We conclude that the trial court properly granted summary judgment in plaintiff's favor.

Affirmed.