**ALLSTATE INSURANCE COMPANY, a foreign corporation, Plaintiff,**

**v.**

**Kenneth CANNON; Louise L. Jackson, Individually and as Personal Representative of the Estate of Larry James; Ernestine Dennis, Individually and as Next Friend of David W. Dennis; Robert Dennis; Richard Williams; Eddie Gaines; Lance Rutland; Jerome Rutland; and Linda Rutland, Defendants.**

Civ. No. 85–CV–72245–DT.

United States District Court, E.D. Michigan, S.D.

Jan. 13, 1986.

Roger Smith, Garan, Lucow, Miller, Seward, Cooper & Becker, Detroit, Mich., for plaintiff.

Edward Alice, Edward Alice, P.C., Detroit, Mich., for defendants Cannon and Jackson.

Joseph Crystal, Joseph Crystal, P.C., Southfield, Mich., for defendant Dennis.

OPINION AND ORDER

COHN, District Judge.

I.

A.

This is an action for a declaratory judgment. Plaintiff, Allstate Insurance Company (Allstate), claims it is not obligated on a contract of homeowner's insurance in which Shirley Cannon, mother of defendant

Kenneth Cannon (Cannon), is the named insured. Cannon is a defendant in two pending Wayne County Circuit Court lawsuits in which defendants Louise L. Jackson (Jackson) and Ernestine Dennis (E. Dennis) are plaintiffs. The Wayne County cases seek damages against Cannon and others for the shooting death of Larry James (James) and the wounding of David W. Dennis (D. Dennis) by defendant Lance Rutland (Rutland) with a rifle which he obtained from Cannon who in turn obtained it from defendant Eddie Gaines (Gaines).

### B.

Gaines gave the rifle, unloaded, to Cannon to hold for Rutland. It should be noted that Gaines gave the rifle to Cannon understanding that Rutland wanted it for protection, and that was Cannon's understanding also. Cannon purchased ammunition for the rifle. A verbal street fight ensued between Rutland and James which Cannon witnessed. Cannon prevented Rutland from fighting James. Cannon and Rutland went to Cannon's home where Cannon gave Rutland the rifle, knowing it was loaded and knowing Rutland was angry and was going to return to the scene of the fight. Cannon said he did not know what Rutland intended to do with the rifle when he gave it to him. Cannon did not return to the scene of the fight and tried to talk Rutland out of returning. When Rutland returned to the scene of the fight, he fired two warning shots and a third shot which witnesses say was in self-defense. Rutland says he never aimed the rifle at anyone. Rutland killed James and wounded D. Dennis, a by-stander. Rutland pleaded guilty to second degree murder.

### C.

Jackson, representing James's estate, and E. Dennis, representing D. Dennis, say in the Wayne County cases that Cannon was negligent in giving the rifle to Rutland and is therefore liable in damages for the death of James and wounding of D. Dennis. Allstate is currently providing legal representation for Cannon in the Wayne County cases. Allstate relies on three provisions of the homeowner's policy to relieve it from responsibility for Cannon's acts. These provisions read:

> Allstate agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damage because of bodily injury, ... to which this insurance applies, caused by an occurrence.

> •     •     •     •     •

> "occurrence" means an accident ... which results ... in bodily injury.

> •     •     •     •     •

> [T]he policy does not apply:

> •     •     •     •     •

> to bodily injury ... which is either expected or intended from the standpoint of the Insured.

### II.

### A.

The Michigan Supreme Court in *Guerdon Industries, Inc. v. Fidelity & Casualty Company of New York,* 371 Mich. 12, 18–19, 123 N.W.2d 143 (1963), defined the word "accident" as follows:

> An "accident," within the meaning of the policies of accident insurance, may be anything that begins to be, that happens, or that is a result which is not anticipated and is unforeseen and unexpected by the person injured or affected thereby— that is, takes place without the insured's foresight or expectation and without design or intentional causation on his part. In other words, an accident is an undesigned contingency, a casualty, a happening by chance, something out of the usual course of things, unusual, fortuitous, not anticipated, and not naturally to be expected.

Allstate has moved for summary judgment on the grounds that what occurred following the return of Rutland to the scene of the fight was not an accident; that serious personal injury was foreseeable when Cannon handed a loaded rifle to an angry man with knowledge that he was

returning to the scene of a fight. Allstate also says that bodily injury was either intended or expected by Cannon under the circumstances.

Jackson says that the depositions of Cannon and Rutland do not show that Rutland intended to use the rifle for other than self-defense or protection of others, and therefore, there was no intention or expectation that the rifle would be used. They cite portions of the pre-trial depositions that tend to show the rifle was fired in self-defense by Rutland or as warning shots that accidentally hit James and D. Dennis.

E. Dennis argues that D. Dennis was an innocent bystander, and therefore his wounds were neither intended nor expected by Rutland, let alone Cannon.

### B.

■ Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). The evidence, together with all inferences to be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). The movant's papers are to be closely scrutinized while those of the opponent are to be viewed indulgently. *Id.; Invictus Records v. American Broadcasting Companies, Inc.*, 98 F.R.D. 419, 426 (E.D.Mich.1982). The function of summary judgment is to dispose of cases without trial when one party is unable to demonstrate the existence of a factual dispute which, if present, would require resolution by a jury or other factfinder. *Schultz v. Newsweek, Inc.*, 668 F.2d 911 (6th Cir. 1982). Evidence that is too incredible to be accepted by reasonable minds does not raise an issue of credibility to defeat a motion for summary judgment. J. Moore & J. Wicker, 6, Pt. 2 *Moore's Fed. Practice* ¶ 56.15[4], at 56–521 to 56–524 nn. 45 & 53 (1982). *See Nieman v. Long*, 31 F.Supp. 30

(E.D.Pa.1939); *Gross v. Bank of Cleveland*, 29 F.Supp. 1005 (S.D.Ohio 1939).

### C.

I am satisfied that summary judgment in favor of Allstate is appropriate in this case. The operative act is Cannon's handing a loaded rifle to Rutland. Indeed, Cannon had custody of the rifle on behalf of Rutland. Cannon also purchased ammunition for the rifle. Rifles are used for shooting. There is no suggestion in the record Rutland or Cannon were hunters. These events occurred in an urban location. Rutland had been in a fight and was angry. He left the scene of the fight to get the rifle. Cannon knew that. Cannon also knew Rutland was returning to the scene of the fight with the rifle. It is fatuous to argue that the injuries from the shootings were "accidents" as defined by the Michigan Supreme Court. While D. Dennis's wounding may have been accidental, certainly the discharge of the rifle was not an accident. Additionally, although I find the "occurrence" clause sufficient to obviate Allstate's liability, I note that, under the circumstances, it is sophistry to argue that Cannon neither intended nor expected there would be bodily injury if James were still present when Rutland returned to the scene of the fight.

My conclusion is consistent with the decisions in the Michigan Court of Appeals in these kinds of cases.

In *Group Insurance Company of Michigan v. Morelli*, 111 Mich.App. 510, 516, 314 N.W.2d 672 (1981), the court, in an action in which the insured assaulted the plaintiff in the underlying action against the insured, said the injury sustained by that plaintiff was the "natural, foreseeable, expected and anticipatory result of the intentional act of" the insured.

In *Michigan Millers Mutual Insurance Company v. Berry*, 123 Mich.App. 634, 638–39, 333 N.W.2d 70 (1983), the court said that, where the policy excluded coverage for damage that was "expected," it is sufficient that the insured intended the act

**34**

that caused the damage even though he did not intend the resulting damage.

In *Frankenmuth Insurance Company v. Kompus,* 135 Mich.App. 667, 679–80, 354 N.W.2d 303 (1984), in considering the homosexual practices of a psychiatrist with his patient, the court said "it is clear that the acts performed by Kompus upon which [the] claims were based were intentional and the injuries at least foreseeable."

■ So here, as argued by Allstate, the act of Cannon in handing a loaded rifle to an angry man who Cannon knew was returning to the place where he had been in a fight was intentional, and the expected and natural foreseeable result of that act was the discharge of the rifle. That Rutland might have been acting in self-defense or protection of others would not affect the policy's exclusion. *Wright v. White Birch Park,* 118 Mich.App. 639, 645, 325 N.W.2d 524 (1982). Additionally, discharge of the rifle by Rutland was not fortuitous and was naturally to be expected. Cannon's deposition testimony that he did not expect the injuries is too incredible to be believed. Thus, it does not create a genuine issue over this material fact and cannot be used to defeat the motion for summary judgment.

### D.

■ The duty to defend is separate and distinct from the duty to provide coverage, *Illinois Employers Insurance of Wausau v. Dragovich,* 139 Mich.App. 502, 362 N.W.2d 767 (1984), and extends to allegations that "even *arguably* come within the policy coverage," *The Detroit Edison Company v. Michigan Mutual Insurance Company,* 102 Mich.App. 136, 142, 301 N.W.2d 832 (1980). However, because Cannon's actions clearly fall within the policy's exclusion, Allstate has no duty to indemnify or defend. *Prudential Property and Casualty Insurance Company,* No. 83–CV–2361–DT, Slip Op. at 12 (E.D.Mich. July 26, 1985) [Available on WESTLAW, DCTU database]; *Group Insurance Company of Michigan v. Morelli,* 314 N.W.2d 672, 111 Mich.App. 510 (1981).

### III.

The motion for summary judgment is GRANTED and a judgment will be entered declaring: a) the damages alleged in the Wayne County cases are not covered by the Allstate policy; and b) Allstate is not required to provide a defense in the Wayne County cases. Allstate shall submit a form of judgment.

SO ORDERED.