ALLSTATE INSURANCE COMPANY v MILLER (ON REMAND)

Docket No. 127022. Submitted March 23, 1990, at Lansing. Decided
    August 23, 1990. Leave to appeal applied for.

Alvin Freeman entered the Rialto Restaurant, pulled a gun and
    began shooting, causing the death of Jack Bylski and Karen
    Taylor and the wounding of Dan Bolen before he was killed by
    police. Lawsuits were filed against Freeman, which Allstate
    Insurance Company, Freeman's homeowners insurer, began to
    defend. Allstate brought an action against Judith Miller, per-
    sonal representative of the estate of Jack Bylski, deceased,
    Mary Rita Bylski, Sandra Silver, personal representative of the
    estate of Alvin Freeman, deceased, and others in the Oakland
    Circuit Court to declare that coverage was forfeited under the
    exclusionary clause for "bodily injury or property damage
    which may reasonably be expected to result from the inten-
    tional or criminal acts of the insured person or which is in fact
    intended by the insured person." The court, Norman L. Lippitt,
    J., granted summary disposition for plaintiff. Miller and Bylski
    appealed, and Silver cross appealed. The Court of Appeals
    reversed, holding that where a person could not form an intent
    to act because of insanity, he has not acted "intentionally" as
    that term is used in insurance policies unless the policy explic-
    itly states otherwise; that defendants presented expert testi-
    mony which indicated that Freeman either was not aware of
    what he was doing or was unable to control his actions when
    he embarked on his killing spree; that, consequently, there
    existed a genuine issue of material fact whether Freeman acted
    intentionally so as to invoke the exclusionary clause and pre-
    clude coverage under the homeowners insurance policy; and
    that the grant of summary disposition was improper. 175 Mich
    App 515 (1989). Plaintiff appealed to the Supreme Court, which,
    in lieu of granting leave, remanded the case to the Court of

REFERENCES

Am Jur 2d, Insurance §§ 708, 709.

Construction and application of provision of liability insurance
    policy expressly excluding injuries intended or expected by in-
    sured. 31 ALR4th 957.

Appeals for reconsideration in light of *Allstate Ins Co v Freeman,* 432 Mich 656 (1989). 434 Mich 882 (1990).

The Court of Appeals on remand, *held:*

The issue of insanity, and whether it precludes a person from acting intentionally or criminally within the insurance law context, was not discussed in *Freeman. Freeman* therefore does not change the Court of Appeals original decision. The presence of expert testimony to the effect that plaintiff's insured was either not aware of what he was doing or was unable to control his actions when he embarked on a killing spree established a genuine issue of material fact as to whether the plaintiff's insured acted intentionally. The grant of summary disposition was improper and is reversed.

INSURANCE — INTENT — INSANITY — JUDICIAL CONSTRUCTION.

Where a person could not form an intent to act because of insanity, he has not acted "intentionally" as that term is used in insurance policies unless the policy explicitly states otherwise.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *James L. Borin* and *Rosalind Rochkind*), for plaintiff.

*Richard A. Lenter, P.C.* (by *Richard A. Lenter*), for Judith Miller and Mary Rita Bylski.

*Silver, Roth & Silver, P.C.* (by *Stephen C. Albery*), for Sandra Silver.

Before: WEAVER, P.J., and MAHER and CYNAR, JJ.

PER CURIAM. On remand from our Supreme Court, we have been asked to reconsider our opinion in *Allstate Ins Co v Miller,* 175 Mich App 515; 438 NW2d 638 (1989),[1] in light of our Supreme Court's recent decision in *Allstate Ins Co v Freeman,* 432 Mich 656; 443 NW2d 734 (1989). On

---

[1] Pursuant to Court policy, Judge CYNAR has been substituted for visiting Circuit Judge C.W. Simon, Jr., who sat as a member of the original panel in this matter by assignment.

reconsideration, we affirm our original decision reversing the judgment of the trial court.

At issue in this case is the following exclusionary clause contained in a homeowner's insurance policy issued by plaintiff to defendant Sandra Silver's decedent:

> We do not cover any bodily injury or property damage which may reasonably be expected to result from the intentional or criminal acts of an insured person or which is in fact intended by an insured person.

In *Freeman, supra,* our Supreme Court examined an identical clause and agreed that a two-part test must be applied in determining whether an insurer may obviate its duty to defend or indemnify under the exclusion. Pursuant to this clause, coverage will be excluded when (1) the insured acted either intentionally or criminally, *and* (2) the resulting injury was either reasonably expected or actually intended to result from such intentional or criminal conduct. See *Freeman,* p 685. As we noted in our original decision, this exclusionary clause requires the presence of two different mind states: the intention to act and the intention to cause injury (either an actual injury or one that is reasonably expected). *Miller, supra,* p 520. *Freeman* was primarily concerned with that part of the exclusion dealing with the intent to cause injury, particularly the criteria for evaluating when an injury is reasonably expected. The Court held that an injury is reasonably expected where it is the natural, foreseeable, expected, and anticipated result of the intentional or criminal conduct. *Freeman, supra,* pp 687-688. Further, the Court held that whether an injury could "reasonably be expected" required application of an objec-

tive, as opposed to a subjective, standard of expectation. *Id.,* p 688.

In deciding *Miller,* however, we did not focus on the portion of the exclusion dealing, with the intent to cause injury as did the Court in *Freeman.* Rather, our focus was on the insured's intent to act in the first instance. In this regard, we noted that insanity may preclude a person from forming a certain specific intent and, therefore, we agreed with those decisions from other states holding that when a person cannot form an intent to act because of insanity he or she has not acted intentionally as that term is used in insurance policies, unless the policy explicitly states otherwise. *Miller, supra,* pp 521-522. The issue of insanity, and whether it precludes a person from acting intentionally or criminally within the insurance law context, was not discussed in *Freeman.* Thus, we conclude that *Freeman* does not change our original decision.

Accordingly, we again conclude that the presence of expert testimony to the effect that plaintiff's insured was either not aware of what he was doing or was unable to control his actions when he embarked on a killing spree established a genuine issue of material fact as to whether the plaintiff's insured acted intentionally. Therefore, summary disposition was improper.

Reversed.