931 F.2d 56
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ALLSTATE INSURANCE COMPANY, Plaintiff-Appellant,
v.
Boris STOYANOVICH and Spiro Stoyanovich, Personal
Representatives of the Estate of Bogdanka
Stoyanovich, Deceased, Defendants-Appellees,
and
Mijal Stoyanovich, Defendant.
 No. 90-1026.
 United States Court of Appeals, Sixth Circuit.
 April 23, 1991.
 
 Before KEITH and KRUPANSKY, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Allstate Insurance Company has appealed from summary judgment entered by the United States District Court for the Eastern District of Michigan in favor of defendants-appellees Boris Stoyanovich and Spiro Stoyanovich, personal representatives of the Estate of Bogdanka Stoyanovich in this diversity action for a declaration of rights under a homeowner's insurance policy.
 
 
 2
 Mijal and Bogdanka Stoyanovich, husband and wife, purchased a "deluxe" homeowner's insurance policy for "family liability" with a limitation of $100,000 of coverage. The provisions of the policy provided:
 
 
 3
 This policy applies only to losses, bodily injury, and property damage which occur during the policy period, as shown on the declarations page.
 
 Definitions Used Throughout This Policy
 
 4
 1 "You" and "your"--mean the policy holder named on the declarations page and that policyholder's resident spouse.
 
 
 5
 * * *
 
 
 6
 * * *
 
 
 7
 3 "Insured Person"--means you and, if a resident of your household, any relative and any dependent person in your care.
 
 
 8
 * * *
 
 
 9
 * * *
 
 
 10
 4 "Bodily Injury"--means bodily injury, sickness or disease, including resulting death, care and loss of services.
 
 
 11
 * * *
 
 
 12
 * * *
 
 Losses We Cover
 
 13
 We will pay all sums arising from the same loss which an insured person becomes legally obligated to pay as damages because of bodily injury or property damage covered by this part of the policy.
 
 
 14
 ... If an insured person is sued for these damages, we will provide a defense with counsel of our choice, even if the allegations are not true.
 
 Losses We Do Not Cover
 
 15
 1 We do not cover any bodily injury or property damage which may reasonably be expected to result from the intentional or criminal acts of an insured person or which is in fact intended by an insured person.
 
 
 16
 2 We do not cover bodily injury to an insured person or property damage to property owned by an insured person.
 
 
 17
 On September 29, 1986, Mijal Stoyanovich strangled his wife, Bogdanka, resulting in her death on October 8, 1986. Mijal was criminally charged with murder in the second degree, and was subsequently acquitted by a jury for reasons of insanity.
 
 
 18
 Boris and Spiro Stoyanovich, the personal representatives of Bogdanka's estate, commenced an action on April 27, 1988, against Mijal for wrongful death, in Wayne County Circuit Court in Michigan. That suit was initiated pursuant to Mich.Comp.Laws Sec. 600.2922(6) for the benefit of Bogdanka's two children.
 
 
 19
 The defense of the tort suit was tendered to Allstate under the personal liability coverage of the above-described homeowner's policy. Allstate accepted the defense under a reservation of rights and provided counsel to defend Mijal in the tort litigation.[1]
 
 
 20
 On April 12, 1989, Allstate commenced the instant action in federal court seeking a declaration that its contract did not provide coverage for the liability asserted against Mijal pursuant to the two policy exclusions concerning "bodily injury reasonably expected to result from the intentional or criminal acts of an insured person" and "bodily injury to an insured person." Mijal did not respond and default judgment was entered against him. Because representatives of Bogdanka's estate had filed responsive pleadings, the action remained viable. On July 10, 1989, the parties to the underlying tort suit entered into a stipulation for the entry of a consent judgment against Mijal in the amount of $100,000, the policy limits of the homeowner's policy. It was further stipulated that satisfaction of the judgment would not be sought from Mijal, but only from the proceeds of the insurance coverage from Allstate in the event the instant action was successful.
 
 
 21
 Cross-motions for summary judgment were filed. The district court denied Allstate's motion and granted summary judgment for the appellees on November 30, 1989. Allstate filed its notice of appeal on December 27, 1989.
 
 
 22
 The appellant in this action has argued that the two cited exclusionary clauses relieve it of the duties either to indemnify or defend Mijal Stoyanovich in the underlying tort claim. The appellant argues that the first clause, which excluded coverage of intentional acts by an insured person, excluded coverage for Mijal's attack; and that the second clause, which excluded coverage for bodily injury to an insured person, excluded coverage for any injury to Bogdanka.
 
 
 23
 Because the second exclusionary clause is dispositive of the issue, it is not necessary to reach the first issue. Under Michigan law, if an insurance contract can be reasonably construed as either providing or excluding coverage, it must be construed liberally as providing coverage. Raska v. Farm Bureau Ins., 412 Mich. 355, 314 N.W.2d 440 (1982). An exclusionary clause must be construed strictly against the insurer. Western v. Karwat, 157 Mich.App. 161, 403 N.W.2d 115 (1987). "But, where the contract language is clear, unambiguous, and not in contravention of public policy, its terms will be enforced as written." Allstate Ins. Co. v. Miller, 175 Mich.App. 515, 438 N.W.2d 638, 641 (1989), remanded for reconsideration, 434 Mich. 882, 452 N.W.2d 209 (1990), aff'd on remand, 460 N.W.2d 612 (Mich.App.1990).
 
 
 24
 The policy clearly and unambiguously states that it covers "only" losses, bodily injury, and property damage occurring on the premises of the insured person. The policy further expressly and unambiguously excluded losses arising from bodily injury to an insured person. Thus, an action that is derived from the rights of the person who suffered the bodily injury is limited to the rights of an injured person. Bogdanka Stoyanovich, the person who suffered bodily injury, and in whose name this action was commenced, was expressly excluded from coverage since she was an insured person. The children, for whose benefit this action was brought, have no independent cause of action, as the policy does not cover derivative injuries to third parties.
 
 
 25
 Accordingly, the judgment of the district court is REVERSED and REMANDED for summary judgment to be entered for the appellant, Allstate Insurance Company.
 
 
 
 [1]
 During the course of the litigation, Blue Cross and Blue Shield of Michigan intervened, seeking to recover $15,640.29 in medical benefits paid for the care of Bogdanka prior to her death pursuant to Mich.Comp.Laws Sec. 600.2922(6)