ALLSTATE INSURANCE COMPANY v MILLER (AFTER REMAND)

Docket No. 196172. Submitted October 8, 1997, at Detroit. Decided
    November 25, 1997, at 9:20 A.M. Leave to appeal sought.

   Allstate Insurance Company brought an action in the Oakland Circuit
   Court against Judith Miller, personal representative of the estate of
   Jack Bylski, and others, seeking a declaration that the intentional-
   acts exclusion of an Allstate homeowner's insurance policy cover-
   ing Alvin Freeman excludes coverage for Freeman's liability for
   fatally shooting Bylski at a restaurant where Freeman opened fire
   at the crowd. The policy exclusion provided: "We do not cover any
   bodily injury or property damage which may reasonably be
   expected to result from the intentional or criminal acts of an
   insured person or which is in fact intended by an insured person."
   The court, Norman L. Lippitt, J., granted summary disposition for
   Allstate. The Court of Appeals, WEAVER, P.J., and MAHER and C. W.
   SIMON, JJ., reversed, holding that a genuine issue of fact existed
   regarding Freeman's state of mind and that if Freeman could not
   form the intent to act because of insanity, he could not have acted
   intentionally within the meaning of the policy exclusion. 175 Mich
   App 515 (1989). The Supreme Court, in lieu of granting leave to
   appeal, remanded the case to the Court of Appeals for reconsidera-
   tion in light of Allstate v Freeman, 432 Mich 656 (1989). 434 Mich
   882 (1990). On remand, the Court of Appeals, WEAVER, P.J., and
   MAHER and CYNAR, JJ., reaffirmed its prior decision, concluding that
   Freeman had no effect on its determination that if Freeman was
   insane, he could not have acted intentionally within the meaning of
   the policy exclusion. 185 Mich App 345 (1990). The Supreme Court,
   in lieu of granting leave to appeal, remanded the case to the Court
   of Appeals for reconsideration in light of Auto-Owners Ins Co v
   Churchman, 440 Mich 560 (1992), Frankenmuth Mut Ins Co v Pic-
   card, 440 Mich 539 (1992), and Group Ins Co of Michigan v
   Czopek, 440 Mich 590 (1992). 441 Mich 929 (1993). On second
   remand, the Court of Appeals, WEAVER, P.J., and HOLBROOK, Jr., and
   MURPHY, JJ., in an unpublished opinion per curiam issued October
   8, 1993 (Docket No. 161270), again reaffirmed its prior decision,
   concluding that its decision was not affected by Churchman, Pic-
   card, and Czopek. The Supreme Court, in lieu of granting leave to
   appeal, remanded the case to the circuit court for further discovery

regarding whether Freeman's actions toward Bylski had been intentional within the meaning of the policy exclusion. 448 Mich 909 (1995). On remand and with the record supplemented by the entire deposition testimony of a wounded victim and the affidavits of persons who witnessed the shootings, the court, Barry L. Howard, J., granted summary disposition for Allstate, ruling that Freeman's actions fell within the policy exclusion. Miller appealed, and Allstate cross appealed.

After remand, the Court of Appeals *held*:

1. Coverage is excluded by the intentional-acts exclusion at issue when an insured acts intentionally or criminally and the insured reasonably expects or actually intends that the particular injury will result from such intentional or criminal conduct. An injury is reasonably expected where it is the natural, foreseeable, expected, and anticipated result of the intentional or criminal conduct. Here, Freeman acted intentionally, and Bylski's injury was the natural, foreseeable, expected, and anticipated result of Freeman's conduct.

2. Allstate's cross appeal is rendered moot in light of the Court of Appeals decision.

Affirmed.

INSURANCE — HOMEOWNER'S INSURANCE — LIABILITY COVERAGE — INTENTIONAL-ACTS EXCLUSION.

Liability coverage under a homeowner's insurance policy with an exclusion for bodily injury or property damage that reasonably may be expected to result from the intentional or criminal acts of an insured or that is in fact intended by the insured is excluded where the insured acts intentionally or criminally and the insured reasonably expects or actually intends that the particular injury will result from such intentional or criminal conduct; an injury is reasonably expected where it is the natural, foreseeable, expected, and anticipated result of the intentional or criminal conduct.

*Garan, Lucow, Miller, Seward & Becker, P.C.* (by *Rosalind Rochkind* and *James L. Borin*), for Allstate Insurance Company.

*Rosen & Lovell, P.C.* (by *Joan Lovell* and *Paul A. Rosen*) and *Richard Lenter*, for Judith Miller.

AFTER REMAND

Before: CORRIGAN, C.J., and GRIFFIN and HOEKSTRA, JJ.

CORRIGAN, C.J. This insurance coverage dispute returns to this Court for the fourth time[1] for consideration whether a question of fact exists regarding the applicability of an intentional-acts exclusion to Alvin Freeman's killing of Jack Bylski. Our Supreme Court previously remanded this case to the trial court because the trial court had prematurely granted summary disposition. *Allstate Ins Co v Miller,* 448 Mich 909 (1995). On remand, the trial court granted plaintiff's motion for summary disposition under MCR 2.116(C)(10) regarding its claim that its homeowner's policy did not provide coverage for its insured's intentional act in shooting defendant's decedent. Defendant appeals by right the order granting plaintiff's motion. Plaintiff cross appeals. We affirm the grant of summary disposition and dismiss the cross appeal as moot.

I. UNDERLYING FACTS AND PROCEDURAL HISTORY

In 1984, plaintiff's insured, Alvin Freeman, shot and killed Jack Bylski at the Rialto Restaurant in Ferndale. Freeman entered the restaurant, ordered a drink and a meal, and then went to the men's restroom.

---

[1] *Allstate Ins Co v Miller (Miller I),* 175 Mich App 515, 520, 522; 438 NW2d 638 (1989); *Allstate Ins Co v Miller (On Remand) (Miller II),* 185 Mich App 345, 347-348; 460 NW2d 612 (1990); *Allstate Ins Co v Miller (On Remand) (Miller III),* unpublished opinion per curiam of the Court of Appeals, issued October 8, 1993 (Docket No. 161270). Consistent with this Court's recently adopted policy designed to facilitate legal research, we publish our opinion primarily because two of this Court's previous decisions in this case generated published opinions.

Freeman returned from the restroom armed with a handgun and opened fire in the crowded restaurant. One of the bullets struck and killed Bylski. Three other bullets struck Dan Bolen, who survived. Freeman took waitress Karen Taylor hostage and ordered everyone else to leave the restaurant. Freeman completed the first stage of this tragic incident in, at most, a few minutes.

Police officers soon arrived and attempted to negotiate with Freeman, who held them at bay by periodically firing shots out the restaurant window. Despite police efforts, Freeman shot Karen Taylor in the head for no apparent reason. Responding to the shot and Taylor's screams, the officers shot and killed Freeman during their attempt to rescue Taylor. Taylor ultimately died from her injuries a year later.

Bolen and the personal representatives of Bylski's and Taylor's estates filed tort actions against Freeman's estate. Plaintiff insurer defended the action and filed a declaratory action in the United States District Court for the Eastern District of Michigan, seeking a determination regarding coverage. That action resulted in a mistrial. Before the new trial, the district court dismissed the action without prejudice because plaintiff should have sought relief in state court. Plaintiff thereafter commenced this action, seeking a declaratory ruling that its policy did not cover Freeman's intentional acts in shooting Bylski, Taylor, and Bolen. Plaintiff subsequently moved for summary disposition under MCR 2.116(C)(10). The trial court granted the motion because, it determined, the policy's intentional-acts exclusion applied. This Court reversed, however, on the ground that a genuine issue of fact existed regarding Freeman's state of mind.

This Court reasoned that if Freeman could not form the intent to act because of insanity, he did not act intentionally within the terms of the exclusion. *Allstate Ins Co v Miller (Miller I)*, 175 Mich App 515, 520, 522; 438 NW2d 638 (1989).

In lieu of granting plaintiff's application for leave to appeal, our Supreme Court remanded this matter to this Court for reconsideration in light of *Allstate Ins Co v Freeman*, 432 Mich 656; 443 NW2d 734 (1989). *Allstate Ins Co v Miller*, 434 Mich 882 (1990). On remand, this Court reaffirmed its prior decision, reasoning that *Freeman, supra*, did not affect this Court's determination that if Freeman was insane, he did not act intentionally for purposes of the exclusion. *Allstate Ins Co v Miller (On Remand) (Miller II)*, 185 Mich App 345, 347-348; 460 NW2d 612 (1990). On plaintiff's second application for leave to appeal, our Supreme Court, in lieu of granting leave, vacated this Court's judgment and remanded for reconsideration in light of *Auto-Owners Ins Co v Churchman*, 440 Mich 560; 489 NW2d 431 (1992), *Frankenmuth Mut Ins Co v Piccard*, 440 Mich 539; 489 NW2d 422 (1992), and *Group Ins Co of Michigan v Czopek*, 440 Mich 590; 489 NW2d 444 (1992). *Allstate Ins Co v Miller*, 441 Mich 929 (1993).

On second remand, this Court again affirmed its decision in *Miller I*, reasoning that *Churchman, Piccard*, and *Czopek* did not affect this Court's determination that a question of fact existed whether Freeman was not aware of, or unable to control, his actions. *Allstate Ins Co v Miller (On Remand) (Miller III)*, unpublished opinion per curiam of the Court of Appeals, issued October 8, 1993 (Docket No. 161270). On plaintiff's third application for leave, our Supreme

Court again vacated this Court's judgment, and remanded the case to the circuit court. The Court held that Freeman's actions in shooting Bolen and Taylor were "intentional" within the policy exclusion language. However, regarding Freeman's actions in shooting Bylski, the Court held that the trial court prematurely granted summary disposition under MCR 2.116(C)(10) on the limited record then before the Court. *Allstate Ins Co v Miller*, 448 Mich 909 (1995).

On remand, plaintiff again moved for summary disposition under MCR 2.116(C)(10) on the ground that Freeman's actions fell within the intentional-acts exclusion. The trial court reasoned:

> The Court would note that the Court has spent a lot of time on this motion. I've reviewed again and again the Defendant's position and I believe them [sic] to be incorrect. The review of the Bolen deposition, in the Court's mind, is sufficient to show that Alvin Freeman discharged a gun into an occupied restaurant in an intentional manner and that the bodily injury of Bylski was a natural and foreseeable consequence of the Freeman intentional action; this went to the *Freeman* and *Maloney* cases. Now, I've heard your examples. I've heard the pumpkin example. But when I look at this case and I, again and again, go back to the facts . . . a person goes in with a gun, two of the parties are killed or injured. The Court believes that in fact the exclusion to the policy—that this is a case in which the exclusion of the policy should be applied with regard to Bylski and I believe that summary disposition should be granted.
>
> Now, let me say a few other things on this case, too. In this case, where you have—there's been a ten year hiatus and let's say Bolen's is the only testimony. The Court thinks that that's sufficient. A lot of work has gone into this case, a lot of tremendous advocacy. But I just do not believe that, pursuant to the law in this state and what's before me, that there would be coverage and I'm going to grant the motion for summary disposition.

## II. PROPRIETY OF SUMMARY DISPOSITION ON THE SUPPLEMENTAL RECORD

Defendant contends that the trial court erred in granting plaintiff's motion because a genuine issue of fact exists whether Freeman's actions fell within the policy exclusion. We disagree. This Court reviews de novo a trial court's ruling on a motion for summary disposition. *Industrial Machinery & Equipment Co, Inc v Lapeer Co Bank & Trust Co*, 213 Mich App 676, 678; 540 NW2d 781 (1995). A motion for summary disposition under MCR 2.116(C)(10) tests the factual basis underlying a plaintiff's claim and permits summary disposition when, except for the amount of damages, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. When deciding the motion, the court considers the pleadings, affidavits, depositions, admissions, and other documentary evidence in a light most favorable to the opposing party. *Frankenmuth Mut Ins Co v Masters*, 225 Mich App 51, 55-56; 570 NW2d 134 (1997).

We reject defendant's primary argument that the trial court should not have granted summary disposition because plaintiff did not conduct further discovery on remand. When an appellate court remands a matter to the trial court, the court may take any action that is consistent with the appellate court's opinion. *VanderWall v Midkiff*, 186 Mich App 191, 196; 463 NW2d 219 (1990). Here, our Supreme Court determined on the record then before it that the trial court prematurely granted summary disposition regarding whether Freeman's actions toward Bylski fell within the intentional-acts exclusion. On remand, plaintiff supplemented the record with Dan Bolen's

entire deposition testimony and the affidavit of Vincent Mullen, who had been present in the restaurant during the shooting. Also, defendant submitted the affidavits of seven other witnesses to the shooting. Under these circumstances, plaintiff did not have to conduct further discovery before moving for summary disposition because the parties supplied evidence that was not before our Supreme Court when it ruled.

We concede that the additional evidence sheds little light on the circumstances surrounding the shooting because no witness can say precisely what Freeman did and which shot killed Bylski. Given the nature of the events, this should come as no surprise. The restaurant employees and patrons were undoubtedly more concerned with their safety during the shooting than with closely observing Freeman's every act and mannerism. The litigants and the courts have spent the past thirteen years dissecting the factual scenario and debating the legal ramifications of a tragic incident that took place in seconds, or at most, a few minutes. This case is now certainly ripe for summary disposition. The parties have developed the record to the fullest extent possible.

Plaintiff's policy provides in pertinent part:

> We do not cover any bodily injury or property damage which may reasonably be expected to result from the intentional or criminal acts of an insured person or which is in fact intended by an insured person.

The language "reasonably be expected" is unambiguous and requires that the court apply an objective standard of expectation. *Freeman, supra* at 686. By contrast, the language "in fact intended by an insured

person" requires that the court apply a subjective standard of expectation. See *id.* Thus, coverage is excluded under the policy when (1) the insured acted either intentionally or criminally and (2) the insured either reasonably expected or actually intended that the particular injury would result from his intentional or criminal conduct. An injury is reasonably expected where it is the natural, foreseeable, expected, and anticipated result of the intentional or criminal conduct. *Id.* at 687-688.

The trial court properly granted plaintiff's motion because Freeman acted intentionally and reasonably expected that Bylski's injury would result from his actions. In *Miller III,* this Court determined that a factual question existed whether Freeman acted intentionally because defendant presented evidence of Freeman's mental incapacity. Regarding Freeman's actions toward Bolen and Taylor, our Supreme Court reversed this Court's decision. Regarding Freeman's actions toward Bylski, the Court remanded this matter for further proceedings. 448 Mich 909. On remand, the trial court correctly recognized that its decision whether to grant summary disposition did not turn on whether Freeman was insane:

> After *Churchman* and the Supreme Court's actions in *Miller I, II,* and *III,* the law in Michigan is clear: Evidence that an insured suffers from mental illness, standing alone, does not create a genuine issue of material fact regarding whether the insured intended his actions or the consequences of his actions. [*Miller v Farm Bureau Mut Ins Co,* 218 Mich App 221, 231; 553 NW2d 371 (1996). ]

The record clearly establishes that Freeman acted intentionally. Freeman shot Bylski and Bolen within a matter of seconds. The record contains no evidence

that Freeman fired his gun by accident. Rather, all the available evidence demonstrates that Freeman intended to discharge his weapon. The trial court correctly found no genuine issue of material fact whether Freeman's actions toward Bylski were intentional for purposes of the intentional-acts exclusion.

Regarding the second prong of the *Freeman* test, the trial court correctly determined that Bylski's injury was the natural, foreseeable, expected, and anticipated result of Freeman's conduct. Freeman repeatedly discharged his weapon in a crowded restaurant. On the record before us, the court need not submit this matter to a trier of fact to determine whether Freeman pointed the weapon at Bylski before he fired, fired a shot into the air and it ricocheted into Bylski, or fired indiscriminately throughout the room. Under the circumstances of this case, the natural, foreseeable, and expected result of the conduct is the same, no matter how Freeman fired his gun. Freeman reasonably expected that his actions would result in someone being shot when he repeatedly discharged a firearm in a crowded room. Therefore, the trial court properly granted plaintiff's motion for summary disposition.

In light of our determination that the trial court properly granted plaintiff's motion for summary disposition, we dismiss plaintiff's cross appeal as moot.[2]

Affirmed.

---

[2] Plaintiff argues in its cross appeal that (1) its policy did not cover the injuries for which defendant sought recovery, (2) defendant did not preserve her argument regarding whether plaintiff's insured acted intentionally and reasonably expected that injury would result from his actions because defendant did not raise those issues in her previous appeal, and (3) the trial court erred in refusing to consider certain witnesses' signed, unsworn statements that plaintiff filed in support of its motion.