EMMA RIDER, Respondent, *v.* THE PREFERRED ACCIDENT INSURANCE COMPANY OF NEW YORK, Appellant.

Fourth Department, May 1, 1918.

Insurance — accident insurance — policy providing for reduced payment if insured is killed by injury intentionally inflicted by himself or another — alleged insanity of person who killed insured — charge approved — undisputed evidence that slayer was sane — direction of verdict for reduced payment.

Where a policy of accident insurance entitled the insured only to one-tenth of the amount which would otherwise be payable in case of injury, fatal or otherwise, intentionally inflicted upon the insured by himself or by any other person, and it appears that the insured was shot and killed by a person whom the beneficiary claims to have been insane, it was proper for the court to charge in substance that if the shooting were a voluntary and willful act of a person who at the time had sufficient power of mind and reason to understand the consequence of his act and had the purpose and intention to cause the death then the limitation in the policy is effective, but if said person was irrational, of unsound mind, and did not know the nature of his act so that it was committed involuntarily and without will, the plaintiff may recover the full amount of the policy.

But where the undisputed evidence of experts, including those of the plaintiff who had examined the person who killed the insured, show that he understood the physical consequences and results of his act, the court should have directed a verdict for the plaintiff for the smaller sum named in the policy, and where a larger recovery was allowed the judgment will be reduced.

FOOTE, J., dissented, with opinion.

APPEAL by the defendant, The Preferred Accident Insurance Company of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Oswego on the 25th day of June, 1917, upon the verdict of a jury and also from an order entered in said clerk's office on the 19th day of May, 1917, denying defendant's motion for a new trial made upon the minutes.

*C. V. Byrne* [*Thomson & Byrne,* attorneys], for the appellant.

*A. B. Rider,* for the respondent.

KRUSE, P. J.:

The policy provides, in case of injury, fatal or otherwise, resulting from causes therein stated, " or from injury, fatal or otherwise, intentionally inflicted upon the insured by himself or by any other person, * * *, the Company's liability shall be one-tenth the amount which would otherwise be payable under this policy."

The complaint alleged that the insured received a gun shot wound from a firearm, gun and revolver fired by one Edward Sackett, resulting in the death of the insured. It alleges in specific terms that the bodily injuries were not sustained by the insured from any of the causes to which the one-tenth clause of the policy applies, save that relating to injury intentionally inflicted upon the insured, and as to that it alleges that at the time of the infliction of such bodily injuries by Sackett upon the insured, Sackett was insane and in such a diseased and deranged condition of mind as to render him incapable of distinguishing between right and wrong in relation to said act, which caused the death of the insured.

But in submitting the case to the jury other elements of incapacity were stated as necessary to take the case out of the effect of the one-tenth provision in the policy. The jury were told that the inability of Sackett to appreciate that the act was morally wrong, was immaterial; that if the act of Sackett in firing the shot was a voluntary act, and that the injury was inflicted intentionally upon the deceased, there could be no recovery for the full face of the policy; but if the jury found that Sackett, at the time of the shooting, was irrational, of unsound mind, and did not know the nature and quality of his act; that he did not retain at the time sufficient power of mind and reason to understand the physical nature and consequences of the act by which he destroyed the life of the insured, and it was involuntary and without will committed by him, then the jury may find that the injury was intentionally inflicted, and the plaintiff may recover the full amount of the policy.

This was repeated, in substance, several times, and finally at the close of the main charge the jury were again instructed, at the request of counsel for the defendant, that if the shooting of Rider was the voluntary and willful act of Sackett, and

the latter at the time had sufficient power of mind and reason to understand the physical nature and consequences of such act, and had at the time a purpose and intention to cause the injury or death of the insured, then the limitation in the policy is effective, and the plaintiff is not entitled to recover more than $750.

I think the rule of law applied was substantially correct, but the facts are lacking to make it applicable to this case. The undisputed evidence of the experts, both those called by the plaintiff, as well as those called by the defendant, is to the effect that Sackett, though insane, intended to shoot and injure or kill the insured; that he understood the physical consequences and results of such shooting. This opinion was based, not only upon the facts assumed most favorable to the plaintiff, but upon the personal examination of Sackett by the plaintiff's experts. I think the opinion is not only justified by the evidence, but that the undisputed facts and circumstances justify no other conclusion.

I think the defendant's motion made at the trial, to direct a verdict in favor of the plaintiff and against the defendant for the sum of $750, with interest from March 11, 1916, the date of the service of proof of claim, being one-tenth of the face of the policy, should have been granted, and that the judgment should be reduced to that amount, with costs of this appeal to the defendant.

All concurred, except FOOTE, J., who dissented in an opinion and voted for affirmance.

FOOTE, J. (dissenting):

Plaintiff is the beneficiary under an accident insurance policy issued by defendant to George P. Rider, who was her son. On February 12, 1916, Rider died at Leadville, Col., as the result of a gunshot wound received at the hands of Edward H. Sackett. Defendant concedes its liability to the extent of $750 and interest. Plaintiff has recovered $7,500 and interest.

The sole question here is whether a recovery for the latter amount is permissible under the policy and the admitted facts.

The policy insured against the " effects of bodily injury

caused solely by external, violent and accidental means," and for death so caused the beneficiary is entitled to receive $7,500, unless she is limited to ten per cent thereof by a clause in the policy from which I quote the part applicable: " In case of injury, fatal or otherwise, * * * intentionally inflicted upon the insured by himself or by any other person (assaults committed for the sole purpose of burglary or robbery excepted), or received by the insured while insane, or inflicted by the insured upon himself while insane * * * then in all such cases * * * the limit of the company's liability shall be one-tenth the amount which would otherwise be payable under this policy."

Plaintiff alleges in her complaint that Sackett at the time he shot Rider " was insane, and in such a diseased and deranged condition of mind as to render him incapable of distinguishing between right and wrong in relation to said act," etc. Defendant did not seriously question at the trial that Sackett's mind had become unbalanced and that he was so far insane as not to appreciate that his act was morally wrong. The question contested and finally left to the jury was whether he had sufficient sanity to appreciate the nature of his act so as to intend it and its consequence within the meaning of the policy.

Defendant now contends that the trial court should have directed a verdict in its favor because there was no sufficient evidence to support the jury's finding upon this question. The opinion evidence of the experts taken alone would perhaps require a verdict for defendant because they considered Sackett competent to understand the nature and effect of his act but not that it was morally wrong.

Insanity to this extent only would not justify a finding that his act was not intentional within the meaning of the policy. (*Van Zandt* v. *Mut. Ben. Life Ins. Co.*, 55 N. Y. 169.) But there was other evidence before the jury consisting, in the main, of Sackett's acts and conduct both before and after the shooting upon which the trial court properly permitted the jury to form their own opinion. The trial court did not rule that the jury could find the shooting unintentional from the fact alone that Sackett was unable to distinguish between right and wrong. The general purport of the charge is indicated by the following extract: " If Sackett did not at the

time of the homicide possess the mental capacity to know the nature and quality of the act he was committing, if he did not act consciously and voluntarily, and if his mind was so diseased that it had ceased to control his action, then there was no intentional injury within the meaning of the policy."

This, I think, was a clear and correct statement of the law. It could not have left the jury under the impression that they could find the shooting unintentional because Sackett may not have considered it morally wrong.

In view of the charge of the court taken as a whole, I think there was no error requiring a reversal pointed out in the exceptions to the charge or to the refusals to charge upon defendant's requests. Nor do I think the verdict should be set aside upon the weight of the evidence.

The judgment and order should be affirmed, with costs.

Judgment and order reversed and judgment directed for the plaintiff upon the defendant's motion made at the trial for $750, with interest thereon from the 11th day of March, 1916, with costs of this appeal to defendant.