17457

Jewel H. DELOACHE and Joyce Elaine Deloache, a minor under fourteen (14) years of age, Respondents, v. CAROLINA LIFE INSURANCE COMPANY, Appellant

(104 S. E. (2d) 875)

*Messrs. G. P. Callison,* of Greenwood, and *Turner, Padget & Graham,* of Columbia, *for Appellant,*

*Messrs. Charles & Charles,* of Greenwood, *for Respondents,*

August 4, 1958.

TAYLOR, Justice.

This appeal comes from the Court of Common Pleas for Greenwood County where plaintiffs brought an action to recover under the double indemnity provision of a life in-

surance policy issued by defendant upon the life of one George L. Deloache. The face amount of the policy was paid without prejudice to plaintiffs' right to maintain this action. Defendant filed answer denying liability, contending that the insured died from (1) injuries intentionally inflicted by another or (2) homicide; that in either event under the provision of the policy excluding coverage in such instances, defendant was not liable for any further payments under the policy.

The matter came on to be heard before a Judge and jury. At the conclusion of plaintiffs' testimony, defendant's motion for a nonsuit was overruled. Upon conclusion of all the testimony, both plaintiffs and defendant moved for directed verdict. Motion of defendant-appellant was overruled, and plaintiffs-respondents' motion was granted; and verdict was directed for plaintiffs in the sum of $1,000.00, interest and costs.

From the testimony of four eyewitnesses, it was established that the deceased, who was immediately inside the door of a store operated by a Mr. W. V. Wall, called to one John T. Burnett, who had just arrived and was in the yard, in jest. After a short conversation, punctuated with oaths and charges by Burnet that Deloache had insulted his wife, Burnett drew from his pocket a revolver and shot Deloache. After Deloache fell, Burnett continued to curse and threaten to shoot Deloache again.

A portion of the policy relating to accidental death reads as follows:

"* * * additional amount shall not be paid, in event of death resulting from the following: (a) self destruction, whether sane or insane; (b) the taking of poison, inhaling of gas, or any sort of acid fumes, whether voluntary or otherwise; (c) injuries intentionally inflicted by another person; (d) homicide; * * *."

Plaintiff was permitted over objection to introduce in reply Dr. L. E. Kirven, who testified that Burnett was committed

to the South Carolina State Hospital on the 17th day of January, 1957 (five days after the shooting) and observed for one month. Burnett was found to be mentally ill. "The illness which he has—the medical name for it is paranoia— impairs reasoning and judgment" and he did not know right from wrong but had the intention of doing what he did, although irresponsible. A portion of the testimony being:

"Q. A person can be suffering with this illness you speak of and intend to do so; whether he knows right from wrong or not, he can intend to do it? A. He can intend to do it. I couldn't call him responsible.

"Q. I didn't ask you whether or not he is responsible, but if he intended to do it. A. He certainly has intention, yes, sir."

The medical testimony was objected to by appellant and made a part of this appeal, but it is unnecessary for us to pass upon this question or upon exclusion "(d)" of the policy which relates to homicide, as the evidence is susceptible of the conclusion only that the injuries from which George L. Deloache died were inflicted by one John T. Burnett intentionally, and it matters not that Burnett was not mentally or legally responsible for such act. *Pruitt v. Life Ins. Co. of Virginia*, 182 S. C. 396, 189 S. E. 649. The injuries which resulted in the death of the insured having been intentionally inflicted by another person, it follows that the accidental death benefit provision of the policy does not apply.

We are of Opinion that the verdict and judgment of the Court appealed from should be reversed and set aside, and it is so ordered. Reversed.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.