No. 19,474.

DOROTHY JOHNSON *v.* E. H. LAMBOTTE.
(363 P. [2d] 165)

Decided July 3, 1961.

Messrs. WORMWOOD, O'DELL AND WOLVINGTON, Mr. PAUL D. RENNER, for plaintiff in error.

Mr. MORRIS RUTLAND, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

WE will refer to plaintiff in error as Dorothy and to defendant in error as Lambotte. The case involves the

question of whether a mental incompetent is liable for damages resulting from tortious conduct in an action in which the alleged incompetent is not represented by a guardian ad litem, conservator or other court appointed fiduciary.

Stripped of nonessentials the pertinent facts are that on October 25, 1957, Dorothy was a patient in the Colorado General Hospital under order of the county court of. Jefferson county. She was under observation and being treated for a "chronic schizophrenic state of paranoid type." Twenty electro-convulsive treatments had been given her without beneficial effect and such treatments had been discontinued. Thereafter she was frequently given high dosages of thorazine and one dose thereof was given her on the above mentioned date.

At about 9:30 in the morning of the date above mentioned, Dorothy met her attending physician in a hallway at the hospital. She was crying and begged to go home, insisting that she must leave the hospital; that she had done nothing wrong and should be allowed to go home. She talked with the doctor for about fifteen minutes and he suggested that she call her husband; she then went into the occupational therapy room. Very soon thereafter she left the hospital unnoticed by attendants and made her way to a point near Eighth avenue and Cook street in Denver, approximately eight blocks from the hospital. An automobile was standing in the street with motor running. She got into the car and drove off. Having little or no apparent control of the automobile she collided with plaintiff's car at or near east Eighth avenue and Gilpin street in Denver, causing damage to the car and personal injuries to plaintiff. She continued down the street following this collision until she had another accident in which she was injured and the car she was "driving" was demolished.

Shortly thereafter defendant was adjudged a mental incompetent by the county court of Jefferson county and committed to the State Hospital at Pueblo. No guardian,

conservator or other fiduciary officer was appointed. The instant action was filed June 11, 1958, after Dorothy's commitment. Summons was served upon her at the State Hospital by one of the doctors employed at the institution.

Dorothy, appearing by her attorneys, filed a motion to quash the service of summons, which was denied. An answer was then filed on her behalf by counsel in which as an affirmative defense it was alleged that at "the time and place referred to in plaintiff's Complaint this defendant was a mental incompetent who was incapable of having a specific intention or of knowing the right or wrong of her acts and, therefore, is not liable to the plaintiff." The answer also denied any negligence on the part of Dorothy. The issues were tried to the court and judgment was entered in favor of Lambotte for the sum of $5,257.00.

It is argued as a ground for reversal that the trial court erred as a matter of law in finding Dorothy guilty of negligence, for the reason that the undisputed evidence was that she was physically and mentally incapable of performing any volitional act while operating an automobile and did not have the required mental capacity to realize the risk involved to herself and others in operating an automobile. Assuming, without deciding, that the evidence is undisputed on this matter, the argument raises the question of whether a person who is mentally incompetent can be held liable for tortious conduct. The general rule is stated in 44 C.J.S. 281, §122, as follows:

"The general rule is that an insane person may be liable for his torts the same as a sane person, except perhaps those in which malice and, therefore, intention are necessary ingredients. His liability for his tort, it has been held, is not affected by the fact that plaintiff knew the mental condition of defendant and might have prevented the act, or that defendant was under guardianship at the time.

*"Torts of nonfeasance.* In respect of this liability there is no distinction between torts of nonfeasance and of misfeasance, and consequently an insane person is liable for injuries caused by his tortious negligence. As far as his liability for negligence is concerned, he is held to the same degree of care and diligence as a person of sound mind. * * * "

The negligent operation of the automobile by Dorothy, which caused the damage in the instant case, involves no element of specific intent or malice. The general rule is clearly applicable and the trial court did not err in applying it in this cause.

It is also argued as a ground for reversal that the trial court erred in denying the motion to quash the service of summons, and in failing to appoint a guardian ad litem where the action was commenced after Dorothy had been adjudicated a mental incompetent. Rule 17 (c), R.C.P. Colo., provides in pertinent part:

" * * * The court shall appoint a guardian ad litem for an infant or incompetent person *not otherwise represented* in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person, * * * " (Emphasis supplied.)

This does not make the appointment of a guardian ad litem mandatory. In the instant case the mental incompetent was "otherwise represented" by well qualified lawyers of long experience at the bar. In such case the appointment of a guardian ad litem was not necessary. *Westcott v. United States Fidelity & Guaranty Company,* 158 F. (2d) 20; *Roberts v. Ohio Casualty Insurance Company,* 256 F. (2d) 35.

The judgment is affirmed.

Mr. Justice Sutton and Mr. Justice Frantz concur.