585 P.2d 304 (1978)
H. Wayne MANGUS, Plaintiff-Appellant,
v.
The WESTERN CASUALTY AND SURETY COMPANY, Defendant-Appellee.
No. 77-415.
Colorado Court of Appeals, Div. III.
July 13, 1978.
Rehearing Denied August 3, 1978.
Certiorari Granted October 10, 1978.
*305 William E. Kenworthy, Denver, for plaintiff-appellant.
Kane, Donley & Wills, Lee Wills, Colorado Springs, for defendant-appellee.
KELLY, Judge.
The plaintiff, H. Wayne Mangus, appeals from a judgment absolving the defendant, Western Casualty Co., from liability on its policy of insurance for the conduct of its insured, Victor Miller. We reverse.
During a property settlement conference, Victor Miller shot and killed his former wife, Mary Louise Mangus, and wounded her husband, Wayne Mangus. Miller was tried on charges of first degree murder and assault to commit murder and was found not guilty by reason of insanity. Mangus commenced a civil action for the wrongful death of his wife and for the assault and battery committed on him. The jury returned a verdict in favor of Mangus on both of his claims. Although Miller's mental condition was not litigated in the tort action, it is not disputed here that Miller was insane when the shootings occurred.
After this court ordered a new trial on the issue of damages for the wrongful death claim, Mangus v. Miller, 35 Colo.App. 335, 535 P.2d 219 (1975), certiorari dismissed, 189 Colo. 481, 569 P.2d 1390 (1975), a settlement was entered into between Mangus and Miller. In return for a satisfaction of judgment, Miller conveyed certain real property to Mangus, and assigned to Mangus his rights under the homeowner's policy issued to him by Western Casualty. Under the terms of the homeowner's policy, Western Casualty agreed to pay on behalf of Miller "all sums which the Insured shall become legally obligated to pay as damages because of bodily injury ... including death at any time resulting therefrom, sustained by any person . . . but coverage for "injury, sickness, disease, death or destruction caused intentionally by or at the direction of the insured" was specifically excluded.
Mangus commenced this contract action against Western Casualty, alleging that he was the assignee of Miller's rights under the insurance policy. Western Casualty defended on the theory that Miller's conduct was intentional conduct, which was specifically excluded from the policy, and that Mangus was collaterally estopped by the prior civil action to assert otherwise. The trial court agreed and dismissed Mangus' claim against Western Casualty Co.
Mangus' contentions on appeal present two primary questions. First, whether, by virtue of the doctrine of collateral estoppel, one who obtains a judgment for assault and battery against a person found insane in a criminal trial is barred from contending that the insane tortfeasor's conduct was not intentional within the meaning of the exclusionary clause of a homeowner's insurance policy. If it does not, the second issue is whether the insane insured's conduct was intentional and therefore excluded from the policy. We agree with Mangus that the doctrine of collateral estoppel does not apply and that Miller's conduct was not intentional within the meaning of the homeowner's policy.
The trial court erred in holding that Mangus was collaterally estopped to deny that Miller's conduct was intentional. Its reliance on Butler v. Behaeghe, Colo.App., 548 P.2d 934 (1976), is misplaced. The sanity of the person perpetrating the assault was not involved in Butler, and the case is, therefore, distinguishable.
Here, the issue in the tort case was not identical with the one presented in this action. See Pomeroy v. Waitkus, 183 Colo. 344, 517 P.2d 396 (1973). Rather, the question is whether the intentional acts exclusion in the insurance policy applies to acts committed while the insured is insane. In the tort case, the issue was whether Miller was civilly liable for assault and battery, and, not being a defense, the insanity of the defendant was not litigated. See Vosnos v. *306 Perry, 43 III.App.3d 834, 2 Ill.Dec. 447, 357 N.E.2d 614 (1976). See also Johnson v. Lambotte, 147 Colo. 203, 363 P.2d 165 (1961).
While Johnson was a negligence action, in assault and battery cases, the majority of courts also apply the rule that an insane person is liable for compensatory damages and may not assert insanity as defense. See Vosnos v. Perry, supra ; Banks v. Dawkins, 339 So.2d 566 (Miss.1976); Kaczer v. Marrero, 324 So.2d 717 (Fla.Dist.Ct.App. 1976). Cf. Sego v. Mains, Colo.App., 578 P.2d 1069 (1978).
Although Miller's insanity was not relevant to the issues in the tort action, it is central to the issue here; namely, whether the exclusionary clause in the insurance policy absolved the insurance company of liability for the conduct of its insane insured. The trial court, because of its disposition of the collateral estoppel question, did not determine this issue. It is purely a question of law whether this exclusionary clause excluded assaults and batteries committed by an insane insured. This court, therefore, may make an independent determination of that question. See Meier v. Denver U.S. National Bank, 164 Colo. 25, 431 P.2d 1019 (1967).
In Ruvolo v. American Casualty Co., 39 N.J. 490, 189 A.2d 204, 207 (1963), on remarkably similar facts, the Supreme Court of New Jersey had before it an insurance policy containing the identical exclusionary clause with which we are now confronted. Ruvolo shot and killed his partner. His insurance company refused to defend a subsequent wrongful death action, contending that the shooting was intentional and thus excluded by the policy. After finding that Ruvolo was insane at the time of the shooting, the trial court granted summary judgment against the insurance company. In affirming the trial court, the Court stated:
"In applying the exclusory provision.. whether in a life, accident, liability or fire policy, it has come to be commonly accepted that where the death or loss involved, be it of the insured or caused by the insured, is the product of an insane act, recovery is not barred."
The same rule was applied in George v. Stone, 260 So.2d 259 (Fla.App.1972) and Rosa v. Liberty Mutual Insurance Co., 243 F.Supp. 407 (D.Conn.1965), and we adopt it here. Thus, we hold that, even though the insanity of the tort-feasor is not a defense in a civil action for assault and battery, nevertheless, where an insurance policy excludes liability coverage for intentional acts and the insured has committed an assault and battery while insane, the insured's insanity, as a matter of law, precludes the exclusion from being activated.
The judgment is reversed and the cause remanded with directions to enter judgment in favor of Mangus and against Western Casualty and Surety Company and to determine the amount due.
PIERCE and SMITH, JJ., concur.