AUTO-OWNERS INSURANCE COMPANY v CHURCHMAN

Docket No. 111038. Submitted January 5, 1990, at Grand Rapids. Decided April 9, 1990.

Auto-Owners Insurance Company brought an action in the Emmet Circuit Court, Richard M. Pajtas, J., seeking a declaratory judgment that it did not owe its insured, the estate of Henry Gordon Frost, Jr., deceased, the duty to defend it in an underlying tort action or to indemnify the insured for any judgment rendered against it in the underlying suit. The trial court denied Auto-Owners' motion for summary disposition, ruling that if Auto-Owners' insured lacked the mental capacity to intend or expect the death of Gary Wayne Churchman, then the policy exclusion for intended or expected injuries would not relieve Auto-Owners of its duty to defend or indemnify its insured in the underlying suit. Auto-Owners appealed by leave granted.

The Court of Appeals *held:*

Denial of the motion for summary disposition was proper since a genuine issue of material fact exists as to whether Auto-Owners' insured lacked the mental capacity to intend or expect Churchman's death within the meaning of the policy exclusion.

Affirmed.

INSURANCE — INTENDED OR EXPECTED INJURIES.

Summary disposition is properly denied in a declaratory judgment action brought by an insurer where a genuine issue of material fact exists as to whether the plaintiff's insured lacked the mental capacity to intend or expect the decedent's death within the meaning of the insurance policy exclusion for intended or expected injuries.

*Plunkett & Cooney, P.C.* (by *Robert G. Kamenec*

REFERENCES

Am Jur 2d, Insurance §§ 596, 708.

Construction and application of provision of liability insurance policy expressly excluding injuries intended or expected by insured. 31 ALR4th 957.

and *Charles Gano*), for Auto-Owners Insurance Company.

*Burns & Spanos* (by *George D. Spanos*), for the Estate of Henry Gordon Frost, Jr., deceased.

*Stedman, Fershee & Eckhold* (by *David W. Fershee*), for Leslie J. Kalchik, individually and as next friend for Todd Allen Ferguson.

*Stroup, Johnson & Tresidder, P.C.* (by *Stephen J. Tresidder*), for Beulah Marie Churchman, individually and as personal representative of the estate of Gary Wayne Churchman, deceased, and as next friend for Amber Rose Lynn Churchman and Brandon James Churchman.

Before: BRENNAN, P.J., and MICHAEL J. KELLY and CYNAR, JJ.

PER CURIAM. In this action for declaratory relief, plaintiff appeals by leave granted from an order denying plaintiff's motion for summary disposition entered on July 26, 1988, by the Emmet Circuit Court. MCR 2.116(C)(10).

Plaintiff argues that it does not owe its insured, the estate of Henry Gordon Frost, Jr., deceased, a duty to defend it in the underlying tort action, or a duty to indemnify it for any judgment rendered against it in that underlying suit. Plaintiff contends that the injury complained of in the underlying suit falls within the exclusion from policy coverage for "bodily injury . . . expected or intended by [the insured]." Plaintiff argues that the trial court erred by denying its motion for summary disposition on the basis that if Frost lacked the mental capacity to intend or expect the death of Gary Wayne Churchman the policy exclusion

for "intended or expected" injuries would not apply.

For purposes of plaintiff's summary disposition motion only, the parties stipulated that the trial court could assume that Frost lacked the mental capacity to intend or expect Churchman's death. The trial court noted that, at that time, no published Michigan decision had considered the question whether the mental incapacity of the insured would preclude operation of an exclusionary clause in a homeowner's liability insurance policy for "intended or expected" injuries. The trial court noted the conflict which existed among the jurisdictions that have considered the issue and adopted what appears to be the majority rule among those jurisdictions: that if the insured lacked the mental capacity to intend or expect the results of his conduct, then the insured could not "intend or expect" that result as those terms are used in liability insurance policies. See Anno: *Liability insurance: intoxication or other mental incapacity avoiding application of clause in liability policy specifically exempting coverage of injury or damage caused intentionally by or at direction of insured,* 33 ALR4th 983.

Since the date that the trial court denied plaintiff's motion, three panels of this Court have spoken on the issue. One panel held that an insured who cannot form an intent to act because of insanity does not act "intentionally" as that term is used in the insurance policy, unless the policy expressly states otherwise. *Allstate Ins Co v Miller,* 175 Mich App 515, 521-522; 438 NW2d 638 (1989) (relying on the annotation cited *supra*). In *Transamerica Ins Corp of America v Boughton,* 177 Mich App 253, 258-259; 440 NW2d 922 (1989), a different panel held that the acts of a person deemed insane may be intentional within the

meaning of an intentional or expected acts exclusion clause. The *Boughton* panel based its holding upon the conclusion that the insured may have the purpose and volition to cause an injury, although he is mentally incapable of distinguishing between right or wrong. *Id.*

Most recently, a third panel adopted the *Miller* holding in the context of an automobile insurance policy under the no-fault act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq. Mattson v Farmers Ins Exchange,* 181 Mich App 419, 428; 450 NW2d 54 (1989).

We have reviewed the lower court record and the briefs of the parties and conclude that the trial court did not err in ruling that if plaintiff's insured lacked the mental capacity to intend or expect Churchman's death, then the policy exclusion for intended or expected injuries would not relieve plaintiff of its duty to defend or indemnify its insured in the underlying suit. Given the difference of opinion among the panels of this Court that have recently considered the issue, we cannot say that the trial court's ruling was erroneous.

Based upon the evidence contained in the lower court record, a genuine issue of material fact exists as to whether plaintiff's insured lacked the mental capacity to intend or expect Churchman's death within the meaning of the policy exclusion. Summary disposition in favor of plaintiff would have been improper.

Affirmed.