**Sherry Lynn MUNIZ, f/k/a Sherry Lynn Hutcheson, Plaintiff–Appellant,**

v.

**Barbara WHITE, as Personal Representative of the Estate of Helen Everly, Deceased, Defendant–Appellee.**

**No. 97CA0777.**

Colorado Court of Appeals, Div. II.

Sept. 3, 1998.

Rehearing Denied Oct. 15, 1998.

Certiorari Granted June 28, 1999.*

* Justice SCOTT does not participate.

Nick Wimmershoff, Longmont, for Plaintiff–Appellant.

Patterson & Nuss, P.C., Franklin D. Patterson, Englewood, for Defendant–Appellee.

Opinion by Judge TURSI.**

Plaintiff, Sherry Lynn Muniz, appeals from a judgment entered on a jury verdict in favor of defendant, Marlene K. Rose, acting as personal representative of the Estate of Helen Everly, deceased, on plaintiff's claims against Everly. We reverse and remand for a new trial.

In 1993, plaintiff was an employee and shift supervisor at an assisted living center in which Everly was a resident. The center is not a party to this action. Everly, an elderly, incontinent woman, suffered from senile dementia of the Alzheimer type. Plaintiff alleged that, while caring for Everly one evening and attempting to change her soaked diapers, Everly struck plaintiff in the jaw, spat and swore at her, and told her to get out of her room. Plaintiff also alleged that Everly then attempted to hit her again but that she was able to restrain her. Plaintiff claimed that she sustained injuries from the blow to her jaw, including a mild closed brain injury, temporomandibular jaw disease, and damage to her hearing.

Based on this incident, plaintiff filed a complaint against Everly and Barbara White and Timothy White, Everly's granddaughter and her husband. The complaint included claims against Everly for assault and battery, and a negligence claim against the Whites. The negligence claim against the Whites was dismissed prior to trial. Various affirmative defenses were not pursued.

After the case was at issue, a guardian ad litem was appointed for Everly pursuant to

** Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1997.

her counsel's request. In his report, the guardian ad litem concluded that Everly suffered from senile dementia, Alzheimer type, in accordance with the medical reports.

During the pendency of the litigation, Everly died. Her estate was substituted as party defendant.

Plaintiff's claims against Everly for assault and battery were submitted to the jury, resulting in a verdict in favor of defendant.

## I.

Plaintiff contends that, when instructing the jury on the torts of assault and battery, the trial court erred by improperly instructing the jury on intent. We agree, and conclude that the error was prejudicial warranting reversal.

Initially, we note that no issue has been raised concerning plaintiff's status as an employee of the facility providing Everly's care. Hence, for purposes of this appeal, plaintiff's status is no different from that of a member of the general public.

The jury was given the following instruction on intent:

A person intends to make a contact with another person if she does an act for the purpose of bringing about such a contact, whether or not she also intends that the contact be harmful or offensive.

The fact that a person may suffer from Dementia, Alzheimer type, does not prevent a finding that she acted intentionally. You may find that she acted intentionally if she intended to do what she did, even though her reasons and motives were entirely irrational. *However, she must have appreciated the offensiveness of her conduct.* (emphasis supplied)

This definition of intent was separately given and intent was specified as an element of assault and battery.

Plaintiff objected to the instruction, arguing that it was improper because inclusion of the last sentence, emphasized above, reflects a misstatement of the law. Further, plaintiff maintains that the trial court erroneously relied on *Horton v. Reaves*, 186 Colo. 149, 526 P.2d 304 (1974) as a basis for this instruction.

In *Horton*, the supreme court held that, in order to hold an infant liable for his intentional tort, the infant must appreciate the offensiveness or wrongfulness of the act. By analogy, the trial court determined that Everly's conduct was comparable to that of a child, and concluded that the instruction on intent should include a requirement that, to have committed an assault, Everly must have appreciated the offensiveness or wrongfulness of her act.

We recognize the logic in the trial court's ruling. We nevertheless conclude that the *Horton* holding should be limited to its facts and not made applicable to adult defendants who suffer from a deficient mental capacity.

The courts in most states have concluded that adults with mental deficiencies should be held liable for their intentional acts, including assault and battery, even if they are unable to appreciate that their conduct is offensive or harmful. The rationale is that, where one of two innocent persons must suffer a loss, it should be borne by the one who occasioned it. *See generally* W. Keeton, *Prosser & Keeton on Torts* § 135 (5th ed.1984); Restatement (Second) of Torts § 895J at 435 (1965)("One who has deficient mental capacity is not immune from tort liability solely for that reason.").

As noted, the supreme court in *Horton v. Reaves, supra*, concluded that to hold an infant liable for an intentional tort, the infant must appreciate the offensiveness or wrongfulness of the act before liability inures. However, the supreme court has not extended the same rule to adults with mental deficiencies.

In *Mangus v. Western Casualty & Surety Co.*, 41 Colo.App. 217, 585 P.2d 304 (1978), a division of this court, without citing to *Horton*, noted that the majority of courts apply the rule that an insane person is liable for assault and battery and may not assert insanity as a defense. *See also Johnson v. Lambotte*, 147 Colo. 203, 363 P.2d 165 (1961)(trial court properly held defendant liable for negligence, despite her mental deficiencies). We conclude that this is the rule

**26**

in Colorado and should apply to any asserted mental deficiency. Hence, instructing the jury that Everly must have appreciated the offensiveness of her conduct was improper.

■ The language in a jury instruction cannot be a ground for reversal unless it prejudices a party's substantial rights. *See Hock v. New York Life Insurance Co.*, 876 P.2d 1242 (Colo.1994). Prejudicial error in an instruction exists when the record shows that a jury might have answered differently if a proper instruction had been given. *Webb v. Dessert Seed Co.*, 718 P.2d 1057 (Colo. 1986).

■ We conclude that, because the jury may have found Everly's conduct was intentional but that she did not appreciate the offensiveness of her conduct, the jury might have answered differently on plaintiff's claims for assault and for battery if a proper instruction had been given. Accordingly, reversal is required as to both claims.

### II.

Plaintiff also contends that the trial court erred and abused its discretion by refusing to amend the pleadings to include a claim for negligence and by refusing to instruct the jury on the negligence claim.

In light of our decision to remand for a new trial, we need not determine whether the trial court abused its discretion regarding the negligence claim. Rather, this issue is best addressed and determined by the trial court on remand.

The judgment of the district court is reversed and the cause remanded for a new trial.

BRIGGS and STERNBERG,*** JJ., concur.

*** Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),