**In re the MARRIAGE OF David E. SORENSEN, Appellee,**

**and**

**Michelle L. Sorensen, Appellant.**

**No. 05CA0542.**

Colorado Court of Appeals, Div. V.

May 31, 2007.

Willoughby & Eckelberry, LLC, Kimberly R. Willoughby, Emily S. Ossmann, Denver, Colorado, for Appellee.

Antolinez Miller, LLC, Joseph H. Antolinez, Melissa E. Miller, Denver, Colorado, for Appellant.

Opinion by Judge FURMAN.

In this dissolution of marriage proceeding, Michelle L. Sorensen (wife) appeals from the permanent orders. We remand for further proceedings.

## I. Background

· This case concerns the limits of the trial court's discretionary authority to appoint a guardian ad litem for a spouse allegedly suffering from a mental illness during a domestic relations proceeding.

Before the permanent orders hearing, wife's first attorney filed a motion for appointment of a guardian ad litem based upon his belief that wife's mental illness prevented her from making decisions in her own interests. Wife's attorney subsequently notified the court that wife objected to his motion. The attorney then filed a motion to withdraw, informing the court that wife had requested his termination. The attorney's motion to withdraw was granted, and wife retained new counsel (second attorney).

Wife, through her second attorney, filed a motion to strike the request for a guardian ad litem, noting that her former counsel no longer had standing to seek such relief and that wife "has the competency and capacity to proceed in this matter without appointment of a guardian ad litem." Without holding a hearing on the matter, the trial court denied former counsel's motion, noting it had been "withdrawn."

At the permanent orders hearing, the trial court dissolved the twenty-nine-year marriage of wife and David E. Sorensen (husband). The court incorporated into the decree a written partial separation agreement and a supplemental agreement orally entered into the record, which provided a three-year award of maintenance to wife. Wife's second attorney agreed to prepare and file a written

form of the supplemental agreement. That filing, however, was never made.

After the permanent orders hearing, wife again retained new counsel. That attorney filed a motion for new trial, seeking relief from the permanent orders based upon concerns that wife's mental illness prevented her from having a fair trial. Attached to this motion was wife's affidavit, which stated her mental illness prevented her from comprehending what was happening at the permanent orders hearing. Wife also provided an affidavit from a member of her domestic violence support group who was with wife at a settlement conference just prior to the permanent orders hearing. Wife provided a third affidavit from her therapist, who observed wife at the permanent orders hearing and concluded that wife was "not mentally capable of making legal decisions" and was "not legally competent to be entering into the agreements" and that this was "due to [wife's] mental state." Husband filed an opposing affidavit relating that wife was "an active participant" in the settlement meetings and that she "clearly understood the contents of our discussions concerning this litigation."

The trial court denied wife's motion for new trial without a hearing, finding that wife's second attorney "held a reasonable belief that [wife] *could* act in her own interest." (Emphasis in original.)

This appeal followed.

## II.   Final Order

■ As a threshold matter, we disagree that no final, appealable order has been entered.

■ A final judgment is one that "ends a particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties." *In re Marriage of Hoffner,* 778 P.2d 702, 703 (Colo.App.1989) (quoting *Harding Glass Co. v. Jones,* 640 P.2d 1123, 1125 n. 2 (Colo.1982)); *see* C.A.R. 1. A judgment is final, for appeal purposes, when there is a written order, dated and signed by the trial court. C.R.C.P. 58(a); *In*

*re Estate of Royal,* 813 P.2d 790 (Colo.App. 1991).

Notwithstanding that wife's second attorney did not prepare a written form of the supplemental agreement, we consider the decree a final and appealable judgment. The decree complied with C.R.C.P. 58(a) because it was dated and signed by the trial court and, by expressly incorporating both the partial separation agreement and the supplemental agreement, it left nothing further for the court to do in order to completely determine the rights of the parties. *See In re Estate of Royal, supra.*

## III.   Guardian ad Litem

■ Wife contends the trial court abused its discretion in not holding a hearing on her request for appointment of a guardian ad litem necessitated by her mental illness. We agree.

### A.   Discretionary Authority

A court should appoint a guardian ad litem for a litigant when the court is reasonably convinced that the party is not mentally competent effectively to participate in the proceeding. *People in Interest of M.M.,* 726 P.2d 1108, 1118 (Colo.1986); *see* C.R.C.P. 17(c). That rule states, in pertinent part that "[t]he court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person."

In *People in Interest of M.M., supra,* the supreme court considered whether it would be an abuse of discretion in a termination of parental rights hearing not to appoint a guardian ad litem for a parent suffering from a mental disorder who was represented by counsel. The court construed C.R.C.P. 17(c) and stated:

If the parent is mentally impaired so as to be incapable of understanding the nature and significance of the proceeding or incapable of making those critical decisions that are the parent's right to make, then a court would clearly abuse its discretion in not appointing a guardian ad litem to act for and in the interest of the parent. A

court would also abuse its discretion in not appointing a guardian ad litem in those situations in which it is clear that the parent lacks the intellectual capacity to communicate with counsel or is mentally or emotionally incapable of weighing the advice of counsel on the particular course to pursue in her own interest. If, however, the evidence shows that a parent, although mentally disabled to some degree, understands the nature and significance of the proceeding, is able to make decisions in her own behalf, and has the ability to communicate with and act on the advice of counsel, then a court might well conclude, and properly so, that a guardian ad litem could provide little, if any, service to the parent that would not be forthcoming from counsel.

*People in Interest of M.M., supra,* 726 P.2d at 1120.

■ Wife contends that in a dissolution of marriage action, where there are often disputed issues regarding maintenance, division of property, and debts, important legal and financial decisions need to be made. We agree and conclude that, in accordance with the supreme court's holding in *People in Interest of M.M., supra,* it would be an abuse of discretion not to appoint a guardian ad litem in those situations in which the spouse (1) is mentally impaired so as to be incapable of understanding the nature and significance of the proceeding; (2) is incapable of making critical decisions; (3) lacks the intellectual capacity to communicate with counsel; or (4) is mentally or emotionally incapable of weighing the advice of counsel on the particular course to pursue in his or her own interest. *People in Interest of M.M., supra,* 726 P.2d at 1120.

Husband's reliance on *Johnson v. Lambotte,* 147 Colo. 203, 363 P.2d 165 (1961), for the proposition that where an allegedly incompetent person is represented by an experienced attorney, the appointment of a guardian ad litem is rendered unnecessary, is misplaced. That case involved attorneys defending a claim of liability for the tortious conduct of a mentally ill person and, thus, did not require the participation of the party in the resolution of the legal question.

### B. Conflict of Interest

Wife contends the trial court abused its discretion in denying her motion for appointment of a guardian ad litem in the absence of a hearing simply because her second attorney had withdrawn the motion. We agree in part.

Rule 1.14 of the Rules of Professional Conduct sets forth the guidelines for attorneys representing a client under a disability. Specifically, Rule 1.14 permits an attorney to seek the appointment of a guardian ad litem when the attorney reasonably believes the client is unable to act in his or her own interests. Rule 1.14 states:

(a) When a client's ability to make adequately considered decisions in connection with the representation is impaired, whether because of minority, mental disability, or for some other reason, the lawyer shall, as far as reasonably possible, maintain a normal client-lawyer relationship with the client.

(b) Not only can the mental, physical or other condition of the client impose additional responsibilities on the lawyer, the fact that a client is impaired does not relieve the lawyer of the obligation to obtain information from the client to the extent possible.

(c) A lawyer may seek the appointment of a guardian or take other protective action with respect to a client only when the lawyer reasonably believes that the client cannot act in the client's own interest.

The comment accompanying this rule explains:

The normal client-lawyer relationship is based on the assumption that the client, when properly advised and assisted, is capable of making decisions about important matters. When a client . . . suffers from a mental disorder or disability, however, maintaining the ordinary client-lawyer relationship may not be possible in all respects. In particular, an incapacitated person may have no power to make legally binding decisions. Nevertheless, a client lacking legal competence often has the ability to understand, deliberate upon, and

reach conclusions about matters affecting the client's own well-being.

. . . .

If a legal representative has already been appointed for the client, the lawyer should ordinarily look to the representative for decisions on behalf of the client. If a legal representative has not been appointed, the lawyer should see to such an appointment where it would serve the client's best interests.

. . . .

The lawyer's position in such cases is an unavoidably difficult one. The lawyer may seek guidance from an appropriate diagnostician.

Here, in the motion for appointment of a guardian ad litem, wife's first attorney stated that wife was incapable of making decisions regarding even minor financial matters, and that he had conferred with other legal and mental health professionals before filing the motion. However, because wife's second attorney was allowed simply to withdraw that motion without a hearing, there was never a determination as to whether wife needed the appointment. This omission may have left wife's second attorney in the difficult position of not knowing whether he could rely on wife for making decisions. Thus, although he was hired in part to contest that appointment, he may have been placed in the difficult position of seeking what he was partially retained to contest if, in the course of that representation, he determined that wife was in need of a guardian ad litem.

Because the trial court did not hold a hearing on the matter, and because wife's attorneys were in disagreement over wife's competency, we must therefore determine whether the trial court abused its discretion by not appointing a guardian ad litem for wife. We conclude that further proceedings are required.

### C. Factual Question

Here, a factual question clearly existed whether wife was competent and could adequately direct counsel or otherwise understand the nature of the proceedings. On the one hand, wife asserts with supporting affidavits that she was incompetent to negotiate and was not mentally capable of making legal decisions. Wife points to the affidavit of her therapist, which stated that the court was not aware of her mental state at the permanent orders hearing because "her attorney instructed her not to demonstrate her emotions in the courtroom."

On the other hand, husband asserts that wife was competent. He points to the fact that wife hired different attorneys; that the partial separation agreement signed by wife was thorough, sophisticated, and extremely fair; and that wife testified at the permanent orders hearing. He contends this conduct shows wife was able to communicate with her attorneys and act on their advice, and make decisions about her case.

Under these circumstances, we conclude that an evidentiary hearing is required to determine whether wife met the standard under *People in the Interest of M.M.* and, thus, whether she needed a guardian ad litem to act as her fiduciary. *See People in Interest of M.M., supra*, 726 P.2d at 1119 (guardian ad litem serves as a fiduciary representative). We further conclude that the preferred procedure when a substantial question exists regarding the mental competence of a spouse in a domestic relations proceeding is for the trial court to conduct a hearing to determine whether or not the spouse is competent, so that a guardian ad litem may be appointed if needed. *See Krain v. Smallwood*, 880 F.2d 1119 (9th Cir.1989) (applying Fed.R.Civ.P. 17(c), which, as relevant here, is substantially similar to C.R.C.P. 17(c)).

This procedure does not leave husband without recourse. On remand, the court shall permit him to introduce evidence in support of his position that at the time of the permanent orders hearing wife (1) understood the nature and significance of the proceeding; (2) was able to make decisions in her own behalf; and (3) had the ability to communicate with and act on the advice of counsel. *See People in Interest of M.M., supra*, 726 P.2d at 1120; *see also Roberts v. Ohio Cas. Ins. Co.*, 256 F.2d 35 (5th Cir.1958) (court may decide that appointment of a guardian ad litem is not necessary only after it has made a judicial determination that the

person is otherwise adequately protected). If, after the hearing, the court determines that appointment of a guardian ad litem was not necessary, then the judgment shall stand affirmed. If, however, the court determines that an appointment was necessary, the permanent orders shall be set aside, and the court shall conduct a new permanent orders hearing.

Because on appeal wife does not challenge the validity of the decree, our holding applies only to matters addressed at the permanent orders hearing. *See* § 14–10–120(1), C.R.S. 2006 ("[a] n appeal from the decree of dissolution that does not challenge the finding that the marriage is irretrievably broken does not delay the finality of that provision").

### IV. Attorney Fees

Because we do not consider this appeal frivolous, we deny husband's request for attorney fees and costs pursuant to C.A.R. 38(d) and § 13–17–101, et seq., C.R.S.2006. On remand, however, if the court holds a new permanent orders hearing, the trial court may consider wife's request for attorney fees under § 14–10–119, C.R.S.2006. *See Hill v. Hill*, 166 P.3d 269, 271–72, 2007 WL 1558502 (Colo.App. No. 06CA0003, May 31, 2007).

In light of our conclusion, we need not address wife's remaining contentions on appeal.

The case is remanded for further proceedings consistent with this opinion.

Judge DAILEY and Judge HAWTHORNE concur.